**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| THE TAPPING SOLUTION, LLC, et. al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ARK WEALTH MANAGEMENT, LLC DBA ARK FINANCIAL, et. al.,<br><br>*Defendants*. | 1:25-cv-2169-RP |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs The Tapping Solution, LLC, Nicolas Ortner, Jessica Ortner, and Alejandro Ortner (collectively, "Plaintiffs") and Defendants Ark Wealth Management, LLC dba Ark Financial, Ark Financial Consultants, LLC, Ark Financial Advisors, LLC, and David James Bull (collectively, "Defendants") submit their Joint Federal Rule of Civil Procedure 26 Report.

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs' Position

This case concerns, among other things, a breach of fiduciary duty by registered investment advisers. Plaintiffs bring this matter against Defendants on the following causes of action: (1) violations of Section 206(1) and 206(2) of the Advisers Act; (2) violations of Section 207 of the Advisers Act; (3) violations of the Texas Securities Act; (4) breach of contract; (5) negligence; (6) fraud and fraudulent misrepresentation; and (7) breach of fiduciary duty.

From May 2018 through, approximately, June 2025, Defendants, or their affiliated entities, received compensation in the form of advisory and management fees, undisclosed commissions, consultation fees, and referral fees, in connection with their purported professional advice and relationship with Plaintiffs. Defendants owed Plaintiffs, their clients, a fiduciary duty to act with care, loyalty, fairness, and good faith, and other duties imposed by, and arising under, applicable state and federal law. They breached those duties by soliciting Plaintiffs through direct communication and marketing materials that contained false, incomplete, or misleading information, to invest in securities not in their best interests. Not only did Defendants charge Plaintiffs thousands of dollars in advisory and management fees for their purported services, but failed to disclose conflicts of interest and compensation arrangements they received from third parties in connection with their recommendations. As result, Plaintiffs have suffered substantial losses.

Defendants' Position

Defendants contend that they kept Plaintiffs advised about the risks and tax consequences associated with their investments. Defendants further assert that some losses to some plaintiffs were the result of those parties prematurely canceling a life insurance policy. Defendants further assert most, if possibly not all, of Plaintiffs' claims are barred by the statute of limitations applicable to such claims.

**2. Are there any outstanding jurisdictional issues?**

The parties agree there are no outstanding jurisdictional issues.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

All parties have been served as of the date of this Report.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties agree to work together in good faith to determine whether any agreements or stipulations may be made about the facts and/or elements of causes of action as discovery progresses.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties are not currently aware of any legal issues that can be narrowed by agreement or by motion, but will work together to assess narrowing of legal issues as the case progresses.

**6. Are there any issues about preservation of discoverable information?**

The parties are aware of their preservation obligations under the Federal Rules of Civil Procedure and applicable case law. Plaintiffs have requested that Defendants confirm they are preserving any mobile data (including text communications) and website data.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Based on information currently known, there are no other special issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. To the extent electronically stored information ("ESI") is applicable, the parties should only produce ESI as image files in .PDF or .PNG format. Additionally, the parties agree to the production of documents in excel and PowerPoint format to the extent that .PDF format is not available. Documents produced as images shall include standard metadata fields.

Privileged documents that have been redacted are not required to be produced in native format. A document produced in native format must not be intentionally manipulated to change

the appearance or substance of the document prior to its collection or production. A Bates number may be appended to the end of a native file's original name. To the extent a response to discovery requires production of discoverable electronic information apart from the methods discussed above, the parties shall meet and confer to finalize the appropriate data extraction and production format for relevant information contained in the database. To the extent that documents produced cannot be rendered or viewed without the use of proprietary third-party software, the parties shall meet and confer to minimize any expense or burden associated with the production of those documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party. The producing party shall collect and process documents using forensically sound methods that avoid spoliation of electronically stored information.

**8. What are the subjects on which discovery may be needed?**

Discovery will be conducted on the facts and causes of action set forth in Plaintiffs' Complaint, and the defenses raised by Defendants in their Answer to the Complaint, as they may be supplemented and amended.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree that initial disclosures will be made by **April 14, 2026**. No changes should be made in the form or requirement for disclosures under Rule 26(a).

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed at this time. The parties intend to complete all discovery by **February 1, 2027.** Discovery will not be conducted in phases. The parties anticipate

propounding interrogatories, requests for admission, and requests for production by the close of the discovery deadline and before depositions. Plaintiffs anticipate deposing all individuals identified by Defendants as those having knowledge of Plaintiffs' claims and any experts identified by Defendant by the close of the discovery deadline.

**11. What, if any, discovery disputes exist?**

None at this time.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties intend to include a provision addressing Fed. R. Evid. 502 in the proposed Confidentiality and Protective Order that they will submit to the Court.

**13. Have the parties discussed early mediation?**

The parties have agreed that mediation may be a suitable alternative dispute resolution method after sufficient discovery has taken place.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties will confer on a proposed protective order for submission to the Court. There are no other scheduling or discovery items requiring the Court's attention at this time.

Dated: April 10, 2026

Respectfully submitted,

*/s/ Gabriela Dubrocq*
Gabriela Dubrocq
TX Bar No. 24146391
gd@patillaw.com
PATIL LAW, P.C.
300 S. Doheny Drive, Suite 200
Los Angeles, California 90048
Phone Number: (800) 950-6553
Direct Line: (786) 627-3124

*Attorney for Plaintiffs*

*/s/ Marc J. Wojciechowski*
Marc J. Wojciechowski
Federal Bar No. 13849
TX Bar No. 21844600
marc@wojolaw.com
e-fileonly@wojolaw.com
WOJCIECHOWSKI & ASSOCIATES, PC
17447 Kuykendahl Road, Suite 200
Spring, Texas 77379
Phone Number: (281) 999-7774
Facsimile: (281) 999-1955

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2026, a true and correct copy of the foregoing document was filed with the Clerk of Court using CM/ECF.

*/s/ Gabriela Dubrocq*
Gabriela Dubrocq